BENJAMIN B. WAGNER
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:11-CR-00385-DAD-BAM |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER TO CONTINUE TRIAL** |
| v. | |
| RICHARD DALEMAN, | Date: May 17, 2016 |
| Defendant. | Time: 8:30 a.m. |
| | Honorable Dale A. Drozd |

The United States of America, by and through BENJAMIN B. WAGNER, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant Richard Daleman, by and through Marc Days, his attorney of record, hereby stipulate to continue the trial of this matter, currently scheduled for May 17, 2016, be continued until September 13, 2016.

The basis for this continuance is as follows. The case involves the cultivation and distribution of marijuana, a federal crime but one alleged by the defendant to be affected by recent budget amendments. Although the Honorable Anthony Ishii denied a motion to dismiss the case based upon the Consolidated and Further Continuing Appropriations Act of 2015, Pub.L.No. 113-235, Section 538, which purported to affect the Department of Justice's expenditure of funds regarding marijuana in states where it was legalized or legalized in part, the court left open the question of whether the Act affects the prosecution of this case in other ways, such as punishment or evidence at trial.

///

The issue is currently before the Ninth Circuit Court of Appeals in the case of *United States v. Lovan*, 15-10112 (1:13-cr-294 LJO-SKO).  Oral argument on the issue was had on December 7, 2015.  However, the Court has not yet ruled on the issues presented.[1]  The government requested the instant trial date believing that the Ninth Circuit would issue a decision before that time.  However, as that has not occurred, the time for filing motions in limine as to the effect of state law on the trial draws near.  That determination will be affected by the ruling in *Lovan*.

The parties believe that the continuance will facilitate the disposition of the issues in this case and as the requested date represents the earliest date that both counsel are available, taking into account their schedules and commitments to other clients or in other cases, and the need for preparation in the case and further investigation, the parties request that time be excluded to and through the date of September 13, 2016, in that failure to grant the requested continuance would unreasonably deny the defendant and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new trial date from calculations under the Speedy Trial Act.

Dated: April 4, 2016                                           BENJAMIN B. WAGNER
                                                                            United States Attorney

                                                                            /s/ Kathleen A. Servatius
                                                                            KATHLEEN A. SERVATIUS
                                                                            Assistant United States Attorney


Dated:  April 4, 2016                                          /s/ Marc Days
                                                                            Marc Days
                                                                            Attorney for Defendant

///

///

---

[1] Congress passed and the President signed a new Omnibus Continuing Resolution for 2016, including Act 542 which carries forward the same language as Act 538.

2

**ORDER**

Pursuant to the parties' stipulation and for good cause shown, the jury trial for the above named defendant is continued from May 17, 2016, to September 13, 2016.

It is further ordered that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 17, 2016 until September 13, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **April 4, 2016**

_____
UNITED STATES DISTRICT JUDGE